PIERCE *versus* KNAPP.

The three years "before the commencement of the *action*," during which a proprietor of land, flowed by a mill-dam, has a lien upon the mills, mean three years before the institution of the *original complaint*.

A judgment, recovered upon such a complaint, is a charge upon the estate. The obligation to pay the damage runs with the land, and an action to recover the amount may be maintained against an assignee of the estate.

ON FACTS AGREED.

WRIT OF ENTRY, dated in August, 1851, to recover possession of a mill and its appurtenances.

In 1836, this defendant recovered a judgment against Plummer & al., who then owned and occupied the mill, upon a complaint for flowing his land by means of the dam upon which the mill stood. The yearly damage was assessed at $67.

In 1845, one Clark became owner of the mill, by conveyances from Plummer & al.

In that year, the defendant instituted a suit against Clark for the unpaid annual damage, and in October, 1849, recovered judgment in that action against Clark for $990. Upon the execution issued on that judgment, the mill with its appurtenances was sold at auction to the plaintiff for $700.

The plaintiff's title was under Clark by a mortgage deed, made in July, 1845, and a release of the right of redeeming, made in 1851. Upon these facts, the case was submitted for the decision of the Court.

*Kelley,* for the plaintiff.

A construction is to be given to R. S. c. 126, § 19, 20, 21, 22. The plaintiff claims, that the lien reaches back to the judgment in 1836, though the statute on which it rests, had not then been passed. We contend that the statute was prospective merely ; otherwise, it took away vested rights, without notice or equivalent. The only fair inference is, that the lien is limited to three years. *Knapp* v. *Clark,* 30 Maine, 244.

The defendant, in his judgment against Clark, included several years damage, to which his lien did not extend. By this course, the lien was wholly waived. 12 Pick. 388 ; 22 Pick. 540.

*McDonald* and *M. & L. Appleton,* for the defendant.

WELLS, J. — It is contended by the plaintiff, that the lien of the defendant " on the mill and mill-dam," &c. is limited by statute to the annual damages, which have been recovered, and which are due for three years only prior to the commencement of the action to recover them.

The nineteenth section of the statute, c. 126, provides, that " the person, entitled to receive such annual compensation, shall have a lien therefor, from the time of the institution of the original complaint, on the mill and mill-dam, with the appurtenances and the land under and adjoining the same, and used therewith," *provided* that it shall not extend to any sum due more than three years before the commencement of the action.

The word action in this section appears to have been used in the same sense as complaint, and the phrase " three years before the commencement of the action" must be understood as referring to that period of time before the institution of the complaint. It is a repetition of the provision in the fifth section, which is as follows, " but no compensation shall be awarded for any damages sustained more than three years before the institution of the complaint," and of a similar provision in the thirty-fifth section.

This construction of the nineteenth section is met with the objection, that the lien would not be limited in a case where it could not attach, for if the damages could not be recovered for more than three years before the commencement of the complaint, no lien could exist for damages beyond that period.

But the construction given to the statute of 1795, c. 74, and that of 1821, c. 45, has been, that the judgment against the mill owner was a charge upon the estate, and an assignee of it was bound to pay the damages in arrear. *Com.* v. *Ellis*, 11 Mass. 465; *Lowell* v. *Shaw*, 15 Maine, 242. And in *Knapp* v. *Clark*, 30 Maine, 244, the same principle was adopted, and Clark was held liable for the annual damages due for a period of about nine years before he acquired his title. And by statute, c. 126, § 20, "the party, entitled to such annual compensation, may maintain an action of debt, &c., against the person, who shall own or occupy the said mill, when the action is brought; and shall therein recover the whole sum due and unpaid with costs."

It is therefore manifestly the intention of the Legislature that the damages, which have been established, shall run with the land, and any assignee of the mill owner shall be held to pay them. What reason then could exist for making the lien for a less period than the personal liability? It could hardly be supposed, that it was intended to make the assignee liable and exonerate the estate, when the very ground of his liability consisted in the ownership of the estate. When one is liable to a charge because he owns an estate, it is because the estate is encumbered with such charge. This consideration would appear to justify the construction given to the nineteenth section.

If the latter clause of the nineteenth section had referred to an annual compensation already established, it might be supposed that appropriate language would have been employed to express that idea, as was done in the twentieth section, but the language is, "any sum due," &c. which may

have been intended to relate to a claim, capable of being made certain and recovered by legal proceedings.

The plaintiff acquired his title after the Revised Statutes went into operation, and if they have introduced any new provision, they act prospectively in relation to him.

SHEPLEY, C. J., RICE and HATHAWAY, J. J. concurred.

*Plaintiff nonsuit.*